UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOANN P. LOBAO,

                       Petitioner,

    v.                                               9:20-CV-0067
                                                 (DNH/ATB)
STATE OF NEW YORK and ALBION
CORRECTIONAL FACILITY,

                       Respondents.[1]
_____

APPEARANCES:                                        OF COUNSEL:

JOANN P. LOBAO
17-G-0612
Petitioner, pro se
Albion Correctional Facility
3595 State School Road
Albion, NY 14411

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

     Pro se petitioner Joann Lobao ("Lobao" or "petitioner") seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[2] Petitioner also filed an

---

   [1] A habeas petitioner must name as a respondent the person who has "custody" over him or her. 28 U.S.C. § 2242. In the case where a petitioner challenges her revocation of parole, the proper respondent has been construed to be the parole board who imposed the revocation. *See Billiteri v. United States Bd. of Parole*, 541 F .2d 938, 948 (1976). However, the Advisory Committee Notes for Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") states that where petitioner "is on probation . . . due to the state judgment he is attacking[, t]he named respondents shall be the . . . official in charge of the parole . . .agency, or the state correctional agency, as appropriate."). Accordingly, the Clerk is directed to terminate the named respondent and substitute the New York State Division of Parole as the proper respondent.

   [2] Petitioner initially filed this action in the Western District of New York and, on January 17, 2020, the case was transferred to this Court. Dkt. No. 3, Transfer Order; Dkt. No. 4.

application to proceed in forma pauperis ("IFP").  Dkt. No. 2.

On January 17, 2020, this action was administratively closed due to Lobao's failure to properly commence the case by either paying the statutory filing fee or filing a properly certified IFP application.  Dkt. No. 5, Order.

On January 27, 2020, the Court received Lobao's filing fee and reopened this action.  Dkt. No. 6, Letter from Petitioner; Dkt. Entry dated 01/27/20 (indicating receipt information for the filing fee transaction); Dkt. No. 7, Text Order Reopening Case.

## II. **THE PETITION**

Lobao challenges the revocation of her parole pursuant to a judgment, entered September 19, 2019, by the North East Area Office of the State of New York Parole.  Pet. at 1.[3]  Petitioner asserts that she pleaded "Not Guilty" to the violation; however, the paperwork incorrectly indicated that she entered a "Guilty" plea.  *Id.*

Lobao appealed the judgment to the North East Area Office contending that her sentence was excessive, as was the length of time she was forced to wait between her preliminary hearing and final judgment.  Pet. at 2.  While unclear, it seems that the appeal was denied, and petitioner elevated her complaints to the New York State Division of Parole.  *Id.* at 3.  Petitioner also indicated that "[o]ther than a direct appeal from the judgment of conviction and sentence, [no other] . . . petitions, applications, or motions with respect to this judgment [have been filed] in any court, state or federal[.]"  *Id.* at 2.

Lobao alleges that she is entitled to habeas relief because (1) her ultimate determination was excessive since she was sentenced to her full maximum prison time (Pet.

---

[3] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

at 4) and (2) her proceedings were unfair because the Judge did not include relevant facts in her analysis which would have weighed in the petitioner's favor (*id.*). For a more complete statement of petitioner's claims, reference is made to the petition.

## IV. **DISCUSSION**

Based upon an initial review, the Court concludes that the petition fails to establish whether Lobao fully exhausted her state remedies. The Court will not speculate as to this matter. However, in light of her pro se status, petitioner will be given an opportunity to amend her petition as outlined below.

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(I), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

3

"The typical path for exhausting a claim concerning a petitioner's parole revocation proceeding includes both completion of the internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a CPLR Article 78 proceeding." *McCullough v. New York State Div. of Parole*, No. 9:11-CV-1112 (DNH), 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) (citations omitted); *see also* N.Y. COMP. CODES R & REGS tit. 9, § 8006.1.

"If the Article 78 petition is denied, the petitioner must then appeal that denial to the 'highest state court capable of reviewing it.'" *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)); *see also Santiago v. Unger*, No. 1:12-CV-133, 2013 WL 227757, at *8 (W.D.N.Y. Jan. 22, 2013) (explaining that the first step after the denial of an Article 78 petition is to "then appeal the denial to New York's intermediate appellate court, the Appellate Division.") (citations omitted).

Here, while Lobao contends she has not filed any other actions in state or federal court outside of the direct appeal, it is unclear whether she engaged in the entire direct appeal process. Specifically, petitioner indicates that she has successfully completed the internal, administrative appeals; however, she fails to provide details regarding whether she too has pursued an Article 78 proceeding.

Therefore, from the face of the petition, it is unclear whether exhaustion has occurred. Accordingly, Lobao is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order that clarifies the procedural posture of those

4

motions.[4]

## IV. **CONCLUSION**

Therefore, it is

ORDERED that

1. Petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order;

2. The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose;

3. Petitioner shall complete every part of the blank petition, including the sections requiring her to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which she was convicted and the length of the sentence that was imposed;

4. Petitioner must also state the date(s) upon which she filed any state court proceedings in which she challenged her conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application;

5. **Petitioner must specify all of the grounds upon which her federal petition is based, and the facts supporting each ground**, in the amended petition;

6. Petitioner **shall not** incorporate any portion of her original papers into her amended petition by reference. She must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and

---

[4] A motion to amend filed prior to the exhaustion of petitioner's state administrative and judicial remedies would be denied as futile. *See Simpson v. Yelich*, No. 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30, 2018) (citations omitted) (denying motion to amend a petition to add an admittedly unexhausted claim as futile).

5

Order. Petitioner must also sign and date the petition;

7. If petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4;

8. Upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review. No answer to the petition will be required from the respondent until petitioner has submitted the amended petition, and the Court has had the opportunity to review her arguments; and

9. The Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

IT IS SO ORDERED.

Dated: February 4, 2020
Utica, New York.

_____
United States District Judge